U.S. DISTRICT COURT
N.D. OF N.Y
FILED

[illegible] 2012

LAWRENCE K. BAERMAN, CLERK
ALBANY

**UNITED STATES DICTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JORGE L. QUINTANA, SR.**
**LIBERTAD QUINTANA, HUSBAND AND**
**WIFE,**

CIVIL ACTION NO. 3: **12 -CV- 1334**
**TJM / DEP**

*Plaintiffs,*

- *against* -

**VERIFIED COMPLAINT**

**NEW YORK STATE POLICE, NEW YORK**
**STATE TROOPER DOUGLAS MARSCHILOK,**
**NEW YORK STATE TROOPER BRIAN**
**DENGLER, JOHN DOE 1-10, AND JANE**
**DOE 1-10,  Et al.,**

**JURY TRIAL DEMANDED**

*Defendants.*

---

*AND NOW*, Come Jorge L. Quintana, Sr. and his wife Libertad Quintana Complaint and Aver the following:

**I. PARTIES:**

1. [T]he Plaintiffs herein, Jorge L. Quintana, Sr. and Libertad Quintana, are adult individuals, are husband and wife, are citizens of the State of New York and reside at 23 Railroad Avenue, Stamford, County of Delaware, State of New York 12167-1200.

2. The Defendant, New York State Police is a state agency of the State of New York, and at all times relevant herein, and entrusted with the power to enforce federal, state and local laws. Further, New York State Police, at all times relevant herein, was entrusted to protect the constitutional rights of those their served and their was acting under color of state law and the apparent authority of their position with the citizens of the State of New York. The Defendant,

New York State Police are sued herein in both their official and individual capacities at use the address for this action as New York State Police, Attention Joseph D'Amico, New York State Police Superintender Bldg. 22, 1220 Washington Avenue, Albany, County of Albany, State of New York 12226.

3. The Defendant, Douglas Marschilok, is an adult individual, is a citizen of the State of New York, and at all times relevant herein, Douglas Marschilok was serving as a sworn New York State Police (Trooper) employed by the New York State Police and State of New York and entrusted with the power to enforce federal, state and local laws. Further, Douglas Marschilok, at all times relevant herein, was entrusted to protect the constitutional rights of those he served and he was acting under color of state law and the apparent authority of his position with the New York State Police and the State of New York. The Defendant, Douglas Marschilok, is sued herein in both his official and individual capacities at use the address for this action as New York State Police, Attention Joseph D'Amico, New York State Police Superintender Bldg. 22, 1220 Washington Avenue, Albany, County of Albany, State of New York 12226.

4. The Defendant, Brian Dengler, is an adult individual, is a citizen of the State of New York, and at all times relevant herein, Brian Dengler was serving as a sworn New York State Police (Trooper) employed by the New York State Police and State of New York and entrusted with the power to enforce federal, state and local laws. Further, Brian Dengler, at all times relevant herein, was entrusted to protect the constitutional rights of those he served and he was acting under color of state law and the apparent authority of his position with the New York

State Police and the State of New York. The Defendant, Brian Dengler, is sued herein in both his official and individual capacities at use the address for this action as New York State Police, Attention Joseph D'Amico, New York State Police Superintender Bldg. 22, 1220 Washington Avenue, Albany, County of Albany, State of New York 12226.

5. The Defendant, John Doe 1-10, is an adult individual, is a citizen of the State of New York, and at all times relevant herein, John Doe was serving as a sworn New York State Police (Trooper) employed by the New York State Police and State of New York and entrusted with the power to enforce federal, state and local laws. Further, John Doe, at all times relevant herein, was entrusted to protect the constitutional rights of those he served and he was acting under color of state law and the apparent authority of his position with the New York State Police and the State of New York. The Defendant, John Doe, is sued herein in both his official and individual capacities at use the address for this action as New York State Police, Attention Joseph D'Amico, New York State Police Superintender Bldg. 22, 1220 Washington Avenue, Albany, County of Albany, State of New York 12226.

6. The Defendant, Jane Doe 1-10, is an adult individual, is a citizen of the State of New York, and at all times relevant herein, John Doe was serving as a sworn New York State Police (Trooper) employed by the New York State Police and State of New York and entrusted with the power to enforce federal, state and local laws. Further, Jane Doe, at all times relevant herein, was entrusted to protect the constitutional rights of those he served and he was acting under color of state law and the apparent authority of his position with the New York State Police and the State of New York. The Defendant, Jane Doe, is sued herein in both his official and

-3-

individual capacities at use the address for this action as New York State Police, Attention Joseph D'Amico, New York State Police Superintender Bldg. 22, 1220 Washington Avenue, Albany, County of Albany, State of New York 12226.

## II. JURISDICTION:

7. This Court has a subject matter jurisdiction as is explicity conferred by federal statutes 28 United States Code, Section 1331, regardless of the defendants identity and since 1980 is not limited by any requirement that a minimun dollar amount be in controversy, also confers jurisdiction in action authorized by Civil Rights Act 1871 - 42 United States Code, 1983; 42 United States Code, Section 1985(3); Fourth Amendment, of the United States of America Constitution; Fourteenth Amendment, of the United States of America Constitution; Article I, Section Eleven and Twelve of the State of New York Constitution and the commons laws of the State of New York against defendants acting under color of state law and its agencies and officers or employees.

## III. FEDERAL RULE CIVIL PROCEDURE 8(a)(2) STATEMENT

8. Defendants, New York State Police, and the Defendants State Troopers establish *official* and/or *personal and state* liability in a 42 United States Code, Section 1983, 42 United States Code, Section 1985(3), were acting under color of state law when they unlawful evicted Plaintiffs' while "in full uniform and operating two marked New York State Police Vehicle, causing the deprivation of a federal constitutional rights.

9. New York State Police and State Troopers, along with Patricia Vanloo, acted under color of state law and "conspired to subject the Plaintiffs' to the deprivation" of their Fourth and

Fourteenth Amendments Rights, of the United States of America Constitution "A private actor who conspires with a state actor to deprive another of their rights is found a acted under color of state law"

10.   All Defendants, along with Patricia Vanloo, acted under color of state law and "conspired to subject the Plaintiffs' to the deprivation" of Article 1, Section Eleven that states:

> Article I, § 11 of the Constitution of the State of New York
>
> No person shall be denied the equal protection of the laws of this state or any
>
> subdivision thereof. No person shall, because of race, color creed or religion, be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state (New Adopted by Constitutional Convention of 1938 and amended by vote of the People November 6, 2001) - (New York State Equal Proctection of laws; discrimanation in civil rights prohibited)

All Defendants, along with Patricia Vanloo, acted under color of state law and "conspired to subject the Plaintiffs' to the deprivation" of Article I, Section Twelve that states:

> Article I, § 12 of the Constitution the State of New York
>
> The right of the people to be secure in their persons, houses, papers and effects,
>
> against unreasonable seaches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## IV.   VERIFIED UNDISPUTED FACTS:

11. On May 6, 2011, Plaintiffs' signing a legally binding contract with the real estate broker of the State of New York George C. Bergleitner, Jr. of the real estate firm Delaware County Real Estate, located at Stamford, County of Delaware, State of New York after accepted a telephone offer of $20,000.00 United States dollars for the abandon real estate property located at 17 River Street, Stamford, County of Delaware, State of New York default, by Patricia Vanloo who alleged notarize a deed in lieu of foreclosure conveys to her lender Bank of America by absolute deed title to real property pledge as security for the indebtedness.

12. On May 6, 2011, Plaintiffs signing the contract provide on the hand of George C. Bergleitner, Jr. a Bank of America cashier's check no. 2674309 on the sum of $20,000.00 the contract agreement was paid in full on May 6, 2011 the contract parties was Bank of America (vendor) and the Plaintiffs' (vendee) no mortgage was necessary the contract has been paid in full.

13. Patricia Vanloo a person unknow to the Plaintiffs' what no part of the contract or party of the contract at any time.

14. Sometime thereafter, on above June, 2011 after the signing and the full payment of the real estate contract George C. Bergleitner, Jr. and the vendor Bank of America provided honestly the keys for the property and the rights to use the real property to the Plaintiffs' for begin to clean the property and the rights to use the property as storage in preparation of the property for the Plaintiffs' business and others personal property of the Plaintiffs for storage since the real property was paid in full contract.

15. On September 2, 2011, Patricia Vanloo a unknow individual to the Plaintiffs' crossing with her convertible WW through the grass until the front porch of the residence yelling racial words and on violation to New York Penal Laws, Section 140.05; Section 240.20; Section 240.31 and Section 485.05 to the Plaintiffs' in front of their children and Plaintiffs' friends yelling I will evict those Puerto Rican from my house now......... #$@?$%#%

16. Its is well settled, in this action that no landlord or contract relation exists between the Plaintiffs' and Patricia Vanloo pursuant to New York Real Property the contract was effected with Bank of America through Delaware County Real Estate in full payment for the purchase of the real property.

17. Plaintiff's Jorge L. Quintana, Sr. tell to Patricia Vanloo to take the WW out of the grass and that she trespass on violations of New York Penal Law, Section 140.05

18. Upon the Plaintiffs' know Patricia Vanloo contact the New York State Police and arrived to the residence the State Trooper Douglas Marschilok and State Trooper Brian Dengler of the New York State Police acting under color of state law in full uniform and operating each vehicle marked New York State Police on violation of 42 United States Code, Section 1983 and 42 United States Code, Section 1983(3) by the request of Patricia Vanloo.

19. The New York State Trooper Douglas Marschilok and Trooper Brian Dengler on violation to New York Penal Law, Section 105.00 and New York Penal Law, Section 195.00 demanded that Plaintiffs' immediately and permanently vacate the residence, Plaintiff's Jorge L. Quintana, Sr. stated to the New York State Trooper that the presently Trespass in the property in violation to New York Penal Law, Section 140.05 and the proper action for Patricia Vanloo is to commence a court eviction since the Plaintiffs' occupy the residence more of 30 days and a

action a Bank of America and Delaware County Real Estate for tried to sell her alleged abandon/ foreclose residence to a honest buyers New York State Citizens (Plaintiffs').

20. The State Troopers Douglas Marschilok and Brian Dengler admitting that act in furtherance of the conspiracy to violated Plaintiffs' Fourth Amendments rights. The Fourth Amendment protects a person's right "to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures.... The State Troopers entering inside to the residence without an order, a writ, a warrant, or any statutory authority and without the Plaintiffs permission [engage in] precisely the type of unreasonable behavior that the Fourth Amendment forbids.

21. The State Troopers Douglas Marschilok and Brian Dengler behavior states a claim for un unreasonable seizure in violation of the Fourth Amendment the State Troopers admiting that act in furtherance of the conspiracy with Patricia Vanloo in violation to New York Penal Law, Section 105.00 and New York Penal Law, Section 195.00 to evicted Plaintiffs' from the residence and allowed Patricia Vanloo to use a bolt cutters to cut and change all the locks in the residence and padlocked their door to prevent reentry without an order or legal authority and violating all civil rights of the Plaintiffs' possible as a evil and malicious act and in violation of New York Real Property Law, Section 235.

22. New York settle law, states that to evict a "tenant" a "landlord" must sue in court and win the case. Only a County Sherriff, marshal or constable can carry out a ordered warrant to a evict a "tenant". New York Real Property Actions and Proceedings Law, Section 749. The State Troopers Douglas Marschilok and John Doe admitting that acting in violation to New York Real Property Action and Proceeding Law, Section 749 and take the law into the owns hands entering

into the residence without an order, a writ, a warrant, or any other statutory authority or permission of the Plaintiffs' assisting an illegal and criminal eviction of Patricia Vanloo (a private party) in furtherance of the conspiracy to injuries the Plaintiffs' or the deprivation of all theirs rights and privileges that guaranteed the Constitution of the United States of America.

23.  The State Troopers Douglas Marschilok and Brian Dengler assisting to Patricia Vanloo was evil and malicious because "it was done vindictively with knowledge of Plaintiffs' financial vulnerability and racial motivate and theirs right to continue operating for the creation of their new business, taking of the filing cabinets was particularly malicious, because they were of no value to anyone else, yet they were crucially vital to Plaintiffs'". The State Troopers and Patricia Vanloo had arranged for a "conniving...New York State Police, Douglas Marschilok (New York State Trooper) and Brian Dengler (New York State Trooper) to illegally shut down, the residence in order that Patricia Vanloo and any associated of her remove Plaintiffs' assets". Patricia Vanloo had also failed "over a period of several months to give possession by failing to surrender the keys...after with a bolt cutters cut all the lock on the residence and padlocked to prevent reentry".

24.  Plaintiff's Jorge L. Quintana, Sr. questioned the authority of the State Trooper and states to the State Trooper that Patricia Vanloo arrived to the residence with racial statements against the Plaintiffs' and their friends and family on violation of New York Penal Law, Section 240.31 and Section 485.05, and stated to the State Trooper that "went far beyond the ministerial act of serving process or doing their common law duty of keeping the peace" in assisting Patricia Vanloo in a illegal eviction without an order, a writ, a warrant, or any other statutory authority

can constitute an unreasonable seizure in violation of the United States of America Constitution, the Constitution of the State of New York and the commons laws of the State of New York and the State Troopers was advised.

25. On February 24, 2012, Plaintiffs' entering the property after received a email by a assistant of Patricia Vanloo called herself a power of attorney and a telephone calls and message form the Defendant John L. Hubbard, assistant Delaware County District Attorney acting in act in furtherance of the conspiracy with Patricia Vanloo.

26. Plaintiffs' entering the property and surprising, after all the inventory on the property Patricia Vanloo have stolen from the Plaintiffs' the followings:

    a.   Husqvarna Chainsaw 3120XP

    b.   Husqvarna Chainsaw   570XP
    c.   ICS Concrete Saw      695GC
    d.   Black Plastic Trunk VHS Disney Movies Collection Aprox. 100 Disney VHS
    e.   Dining Table with 4 Chairs-Louis XVI Style
    f.   Misc. New Toys from the attic (That was Plaintiffs' Children Christmas)
    g.   1900 Louis Vuitton Trunk containing inside two pairs of the Plaintiff's Jorge branch shoes and a Brequet Marine Cartier Watch inside a shoe; and,

other miscellaneos and small items that Plaintiffs' no consider a important value... Plaintiffs' request the return of all the merchandise or to be replace to the present new value...

27. The wrongful eviction and padlocked of the home without proper heating and water leak cause a maximun damages to the furniture and others property that was criminal padlocked in the real property causing injuries and severe loss to the Plaintiff's to the maximun extent that until today day the Plaintiffs' presently have under the guidelines of maximun povelty and without their business dream caused for the act under color of state law by the New York State Police.

28. Defendants averred that the real property located at 17 River Street, Stamford, State of New York was subsequently abandon and in perpetual violation of the Village of Stamford zoning code laws.

29. Defendants New York State Police, New York State Trooper Douglas Marschilok, New York State Trooper Brian Dengler, New York State Troper John Doe 1-10 and New York State Trooper Jane Doe 1-10 averred that evicted the Plaintiffs' from their home without any lawful Court Order or other proper authority, and further, the Defendants acted recklessly and with full knowledge of the improper and unlawful nature of the eviction such that the Plaintiffs' are entitled to punitive and treble damages.

30. It is averred that the New York State Police, New York State Trooper Douglas Marschilok, New York State Trooper Brian Dengler, New York State Troper John Doe 1-10 and New York State Trooper Jane Doe 1-10 acted, as aforementioned, at the behest and solicitation of the Patricia Vanloo, who requested Defendants to remove the Plaintiffs from their real property in order to avoid the necessity of securing a lawful Court Order for the Plaintiffs' eviction.

31. As a result of the actions of the Defendants, as aforementioned, the Plaintiffs' suffered extreme embarrassment and humiliation, and all of which resulted in ongoing and permanent psychological and emotional pain and suffering.

32. As a result of the actions of the Defendants, as aforementioned, the Plaintiffs' suffered, and continue to suffer, lost wages and income.

## COUNT ONE

## PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 VIOLATIONS OF THE FOURTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES

33. Paragraphs 1 through 32 are incorporated herein by reference as through the same were set forth herein.

34. The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10 as aforementioned, constitute violations of the Plaintiffs' rights against unlawful searches and seizures secured and guaranteed by the Fourth Amendment of the Constitution of the United States of America.

35. Because said Defendants, admitted under color of state law, subjected the Plaintiffs' to the deprivation of their Fourth Amendment of the Constitution of the United States of America, said Defendants are liable in this action at law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

36. The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

## COUNT TWO

## PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES

37. Paragraphs 1 through 36 are incorporated herein by reference as through the same were set forth herein.

38. The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, as aforementioned, constitute violations of the Plaintiffs' rights not to be deprived of liberty and property without due process of law secured and guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

39. Because said Defendants, under color of state law, conspired to subject the Plaintiffs to the deprivation of the Fourteenth Amendment of the Constitution of the United States of America rights, said Defendants are liable in this action at law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

40. The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

## COUNT THREE

## PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 CONSPIRACY TO DEPRIVE PLAINTIFFS' OF RIGHTS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES

41. Paragraphs 1 through 40 are incorporated herein by reference as through the same were set forth herein.

42. The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, as aforementioned, constitute an agreement designed to deprive the Plaintiffs' of their rights guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States of America.

43. Because said Defendants, under color of state law, conspired to subject the Plaintiffs to the deprivation of the Fourth and Fourteenth Amendment of the Constitution of the United States of America rights, said Defendants are liable in this action at law pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

44. The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

## COUNT FOUR

## PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 CONSPIRACY TO DEPRIVE PLAINTIFFS' OF RIGHTS GUARANTEED BY THE CONSTITUTION OF THE STATE OF NEW YORK

45. Paragraphs 1 through 44 are incorporated herein by reference as through the same were set forth herein.

46. The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, as aforementioned, constitute an agreement designed to deprive the Plaintiffs' of their rights guaranteed by the Article I Section 11 and 12 of the Constitution of the State of New York.

47. Because said Defendants, under color of state law, conspired to subject the Plaintiffs to the deprivation of the rights under the Constitution of the State of New York, as aforementioned, said Defendants are liable in this action at law.

48. The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

## COUNT FIVE

## PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 CONSPIRACY TO DEPRIVE PLAINTIFFS' WITH TRESPASS

49.  Paragraphs 1 through 48 are incorporated herein by reference as through the same were set forth herein.

50 .  The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, as aforementioned, constitute a trespass against the Plaintiffs' in violation of their duty to the Plaintiffs' pursuant to a criminal conspiracy of the common laws of the State of New York.

51.  On September 2, 2012, Plaintiffs' addressed face to face to the Defendants and Patricia Vanloo that the trespass on violation to state law, as aforementioned, said Defendants are liable in this action at law.

52.  The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

## COUNT SIX

## PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 CONSPIRACY TO DEPRIVE PLAINTIFFS' WITH A WRONGFUL EVICTION

53. Paragraphs 1 through 52 are incorporated herein by reference as through the same were set forth herein.

54. The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, as aforementioned, constitute a unlawful eviction under color of state law in violation of their duty to the Plaintiffs' pursuant to a criminal conspiracy of the common laws of the State of New York.

55. On September 2, 2012, Defendants admitted in a act in furtherance of the conspiracy with Patricia Vanloo to unlawful evicted Plaintiffs' without notice or court order on violation to state law, as aforementioned, said Defendants are liable in this action at law.

56. The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

<u>COUNT SEVEN</u>

<u>PLAINTIFFS' VS. NEW YORK STATE POLICE, STATE TROOPER DOUGLAS MARSCHILOK, STATE TROOPER BRIAN DENGLER AND STATE TROOPER JOHN DOE 1-10 AND JANE DOE 1-10 CONSPIRACY TO DEPRIVE AND NEGLECTED ITS DUTY TO SECURE PLAINTIFFS' BELONGINGS AND PERSONAL PROPERTY AFTER THE WRONGFUL EVICTION BY ALLOW AND CONSPIRACY WITH PATRICIA VANLOO TO CHANGED THE LOCK AND PADLOCKED THE REAL PROPERTY WITH THE PLAINTIFFS' BELONGINGS AND PERSONAL PROPERTY INSIDE THE REAL PROPERTY</u>

58. Paragraphs 1 through 57 are incorporated herein by reference as through the same were set forth herein.

59 . The actions of the Defendants, New York State Police, State Trooper Douglas Marschilok, State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, as aforementioned, constitute a unlawful eviction under color of state law in violation of their duty to the Plaintiffs' pursuant to a criminal conspiracy of the common laws of the State of New York allow to Patricia Vanloo to padlocked the real property without a court order or the Plaintiff's permission and stolen the Plaintiffs' personal property as show paragraph number 25 to 27 of this *Verified Complaint* and damage the others personal property for failure to close the water and not heat on the real property.

60. On September 2, 2012, Defendants admitted in a act in furtherance of the conspiracy with Patricia Vanloo to unlawful evicted Plaintiffs' without notice or court order on violation to state law, as aforementioned, said Defendants are liable in this action at law.

-18-

61.  All Defendants accepting that allow and act in furtherance of the conspiracy with Patricia Vanloo to padlocked and/or change the lock of the real property without a court order without removing Plaintiffs' belongings and personal property, the New York State Police and the State Troopers are responsible for the improper removal and loss of the Plaintiffs' belongings and personal property.

62.  Defendants New York State Police, New York State Trooper Douglas Marschilok, New York State Trooper Brian Dengler and State Trooper John Doe 1-10 and Jane Doe 1-10, admitting that act of the furtherance of the conspiracy and under color of state law allowing to Patricia Vanloo to padlocked the real property in order that Mrs. Vanloo stolen value personal property of the Plaintiffs. Therefore, the New York State Police, though acting for a disclosed principal, the Defendants are liable for its own negligent acts and those of its employees if it was acting within the scope of its employment under color of state law the New York State Police and the State Troopers are liable and responsable for the stolen property at the present and antique value.

63.  The actions of the Defendants in this Count were reckless, willful and/or malicious and were otherwise committed with callous indifference to the rights of the Plaintiffs.

WHEREFORE, the Plaintiffs demand compensatory and punitive damages against each Defendants in an amount exceeding the jurisdictional limits of the courts together with interest, including the present value of all stolen property and damage property and loss together with the costs of suit and treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

*WHEREFORE, PREMISES CONSIDERED,* the Plaintiff Jorge L. Quintana, Sr. and his wife Libertad Quintana respectfully request a order or a jury decision as follows:

    a.    A federal jury decision for damages against the Defendants' for Ten millions dollars ($10,000,000.00) for each accepted count with Twenty Five millions dollars ($25,000,000.00) in Punitive Damages and Treble damages as mandate New York Real Property Action and Proceeding Law Article 8 Section 853.

    b.    Plaintiffs' have such other, further and different relief and the Court may deem just and proper.

Dated:   Thusday, 28th day of August, 2012

Village of Stamford - State of New York

*Respectfully submitted,*

JORGE L. QUINTANA, SR.
LIBERTAD QUINTANA
PLAINTIFFS' PRO SE

_____
JORGE L. QUINTANA, SR.

_____
LIBERTAD QUINTANA

JORGE L. QUINTANA, SR.
LIBERTAD QUINTANA
23 RAILROAD AVENUE
STAMFORD, NEW YORK 12167-1200
TEL. (646)761-6124
liberty.landscape@yahoo.com